**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Alejandro FERREIRA–ALAMEDA,**
**Defendant/Appellant.**

**No. 84–5340.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1986.

Decided Nov. 13, 1986.

Amended April 24 and May 22, 1987.

Reemberto Diaz, Hialeah, Fla., for defendant/appellant.

Crossan R. Anderson, Los Angeles, Cal., for plaintiff/appellee.

Before ALARCON, BRUNETTI and NOONAN, Circuit Judges.

## AMENDED OPINION

BRUNETTI, Circuit Judge:

Appellant Alejandro Ferreira-Alameda appeals his conviction, following a court trial on stipulated facts, for conspiracy to distribute and to possess with intent to distribute cocaine. On appeal, Ferreira-Alameda contends that (1) he did not knowingly and voluntarily waive his right to a jury trial or stipulate to the admission of his co-defendants' testimony from a previous trial; and (2) he was denied effective assistance of counsel.

We disagree and affirm.

1. The parties, through counsel, had agreed to argue the case on September 14, 1984 although the transcripts of the co-defendants' testimony had not yet been prepared. The parties further agreed that the court should take the case under submission and review the transcripts upon receipt. At the September 14, 1984 hearing, the

## I.
### Background

Before trial, appellant agreed with the United States Attorney to waive his right to a jury trial and to stipulate to the record of an earlier trial of his co-defendants. Ferreira-Alameda specifically retained the rights to object to evidence, move for judgment of acquittal, make closing argument, and appeal. The United States Attorney, in turn, agreed to rely only upon the recorded testimony and physical evidence introduced at the trial of appellant's co-defendants. He also agreed to recommend no more than a five-year sentence.

Before trial, the parties entered into stipulations admitting the transcript testimony of eight witnesses and certain physical evidence from the previous trial of Ferreira-Alameda's codefendants. The stipulations were approved by the court and consented to by the defendant at the September 14, 1984 trial.[1]

On October 29, 1984, the court found defendant guilty and sentenced him to five years. Ferreira-Alameda timely appealed.

## II.
### Analysis

#### A. Waiver of Jury Trial

Ferreira-Alameda claims that his written jury trial waiver was not effective because it did not reflect that his waiver was conditional.

■ We review the district court's ruling on the voluntariness of the guilty plea de novo. *Hayes v. Kincheloe*, 784 F.2d 1434, 1436 (9th Cir.1986); *see also Chizen v. Hunter*, 809 F.2d 560, 561 (9th Cir.1987); *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir.1986). "We will uphold the district court's finding of historical or subsidiary facts unless those findings are clearly erroneous, but we reserve the right to give different legal weight to such facts." *Hayes*, 784 F.2d at 1436.

court accepted this procedure and approved the stipulations. The court then thoroughly described the proceedings to Ferreira-Alameda, who was present at the hearing. Ferreira-Alameda acknowledged that he understood the procedure and agreed to it.

■ The record does not indicate that the agreement between the United States Attorney and appellant made Ferreira-Alameda's waiver conditional. Rather, both parties made certain concessions. Ferreira-Alameda's complaint seems to be that the written jury trial waiver made no mention of the other aspects of the parties' agreement.

Federal Rule of Criminal Procedure 23(a) requires that a defendant waive his right to trial by jury "in writing with the approval of the court and the consent of the government." (West Supp.1986). "The general rule is that a showing that the defendant's consent to waive his right to a jury trial was knowing, voluntary and intelligent is a necessary precondition to an effective Rule 23(a) jury trial waiver, one distinct from the requirement that the waiver be written." 8A *Moore's Federal Practice* ¶ 23.-02[2][c] (2d ed. 1984) (citing *United States v. Conforte*, 624 F.2d 869, 881–82 (9th Cir.), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980)). Our independent review of the record persuades us that Ferreira-Alameda's waiver of his right to a jury trial was knowing, voluntary, and intelligent.

The district judge thoroughly explained the nature of a jury trial to Ferreira-Alameda and repeatedly asked appellant if he understood the right he was giving up. In each instance appellant replied affirmatively. Furthermore, the district judge carefully informed appellant that he was giving up the rights to confront and cross-examine witnesses, and to offer evidence; he explained the appellant's maximum possible penalty, and made sure Ferreira-Alameda understood that a jury found his co-defendants guilty on the same evidence he stipulated to.

The district court went to great lengths to assure that Ferreira-Alameda's jury trial waiver was knowing, voluntary, and intelligent. Therefore, appellant's claim is meritless.

## B. Stipulation to Testimony of Co-Defendants

■ Ferreira-Alameda also contends he did not knowingly and voluntarily give up his rights to confront and cross-examine witnesses and to introduce evidence. He claims that neither he nor his attorney knew what appellant's co-defendants had testified to at the previous trial. Therefore, appellant contends, his stipulation to that testimony was not knowing and voluntary.

"It is the responsibility of the trial judge when accepting a stipulation or waiver to assure that it is voluntarily made." *United States v. Miller*, 588 F.2d 1256, 1264 (9th Cir.1978) (citing *United States v. Terrack*, 515 F.2d 558, 558–60 (9th Cir.1975)), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979). The district judge thoroughly informed and questioned appellant to make such a determination.

Ferreira-Alameda claims he did not know what his codefendants testified to. Yet he told the district judge he understood that the evidence stipulated to was the same evidence upon which a jury found his co-defendants guilty. Moreover, Ferreira-Alameda retained and his counsel exercised the right to object to any portion of the stipulated evidence. Thus, appellant's contention that the stipulation was not voluntary is also without merit.

## C. Ineffective Assistance of Counsel

Ferreira-Alameda's final contention is that he was denied effective assistance of counsel because his attorney stipulated to facts he did not know and because he failed to object to any evidence introduced against appellant.

■ Whether a defendant received ineffective assistance of counsel is a question of law reviewed *de novo*. *Weygandt v. Ducharme*, 774 F.2d 1491, 1492–93 (9th Cir.1985) (citing *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984)). Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation. *United States v. Hamilton*, 792 F.2d 837, 839 (9th Cir. 1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065).

We recently reiterated the two-part test to evaluate claims of ineffective assistance

of counsel. First, the "'defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Eggleston v. United States,* 798 F.2d 374, 376 (9th Cir.1986) (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064). Second, counsel's error must have prejudiced the defendant. *Id.* (quoting *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067).

Counsel's stipulation to evidentiary facts does not necessarily demonstrate incompetency of counsel. *United States v. Gray,* 626 F.2d 102, 106 (9th Cir.1980). Although appellant's trial counsel did not know the precise facts stipulated to, he had knowledge of their implications from reading a government trial memorandum. In addition, counsel retained the right to object to any of the stipulated evidence. Therefore, Ferreira-Alameda has not demonstrated that his counsel acted incompetently. Furthermore, he has failed to show counsel's actions prejudiced him. Mere criticism of a trial tactic is not sufficient to support a charge of ineffective representation. *United States v. Murray,* 751 F.2d 1528, 1535 (9th Cir.) (quoting *Gustave v. United States,* 627 F.2d 901, 904 (9th Cir. 1980)), *cert. denied,* —— U.S. ——, 106 S.Ct. 381, 88 L.Ed.2d 335 (1985).

Ferreira-Alameda also claims ineffective representation because his counsel failed to object to any evidence at trial. This claim is baseless since counsel made several objections at trial. Furthermore, Ferreira-Alameda has not demonstrated counsel's failure to object prejudiced him.

## III.

### Conclusion

Ferreira-Alameda has failed to demonstrate that his jury trial waiver and evidentiary stipulation were not knowingly and voluntarily made. He also has not shown that his trial counsel was ineffective or that his counsel's actions prejudiced him. Therefore, we affirm the district court's conviction.

AFFIRMED.