70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee.
v.
Dean J. MOYER, Defendant-Appellant,
 No. 95-55148.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Dean J. Moyer appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence imposed following his guilty plea to manufacturing methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1). Moyer contends that he received ineffective assistance of counsel because his attorney failed to request that a sample of the methamphetamine substance taken from Moyer's residence be tested independently and produced at the sentencing hearing. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255. We review de novo, United States v. Frazer, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Thus, "[w]e have repeatedly refused to second-guess counsel's strategic decision to present or to forego a particular theory of defense when such decision was reasonable under the circumstances." United States v. Layton, 855 F.2d 1338, 1420 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989). Under the second requirement enunciated in Strickland, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Mere criticism of tactics or strategy is insufficient to establish prejudice. See United States v. Ferreira-Alameda, 815 F.2d 1251, 1254 (9th Cir.1986).
 
 
 4
 Here, defense counsel challenged the reliability of the methamphetamine sample taken from Moyer's residence. Counsel argued that the sample was taken from the top layer of a separatory funnel that was designed to separate methamphetamine oil from its waste by-products during the manufacturing process. According to counsel's theory, this top layer of methamphetamine oil comprised the highest concentration of methamphetamine and that consequently it was erroneous for the government to conclude that the remaining substance in the funnel contained the same concentration of methamphetamine. Because the government had disposed of the funnel and its contents after removing the sample, counsel also argued that Moyer's due process rights were violated by the government's failure to preserve the entire 450 grams of the methamphetamine mixture.
 
 
 5
 In support of his theory that the methamphetamine mixture was layered, counsel presented a declaration from Dr. Richard J. Schlesinger, President of Bio-Technics Laboratories in Los Angeles, which suggested that a small sample taken from the methamphetamine mixture would not be representative of the entire mixture and that a chemist could have skewed the samples by drawing from the methamphetamine layer only.
 
 
 6
 We agree with the district court that counsel's theory of defense was reasonable under the circumstances, see Layton, 855 F.2d at 1420, and that his theory rendered unnecessary the need to test independently the methamphetamine sample taken by the government. Counsel did not test or produce the samples at sentencing because, according to the theory asserted, the samples would contain only the methamphetamine oil taken from the top and not from any of the other layers that were supposedly in the separatory funnel. As the district court noted, counsel made a reasonable tactical decision by assuming that "there was more to be gained--greater vulnerability in the government's case by challenging the credibility of the samples than in challenging [the chemist's] ability to perform a routine scientific test."
 
 
 7
 Accordingly, because counsel's conduct fell "within the wide range of reasonable professional assistance," the district court did not err by dismissing Moyer's 2255 petition. See Strickland, 466 U.S. at 689.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude that counsel's performance did not fall below an objective standard of reasonableness, we do not reach the issue of whether Moyer suffered prejudice as a result of the allegedly deficient performance. See Strickland, 466 U.S. at 687-89