106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph C. PALMER, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden, et al. Respondent-Appellee.
 No. 96-55429.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 7, 1997.*
Decided Jan. 23, 1997.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and JENKINS,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ralph C. Palmer was convicted in California of robbing a Circle K store and of unlawfully taking or driving a vehicle. He appeals the district court's denial of his petition for a writ of habeas corpus. Palmer claims his trial counsel was unconstitutionally ineffective because counsel (1) did not file a motion to exclude pretrial identification evidence; (2) did not call Palmer's wife as an alibi witness; (3) did not call Palmer's pretrial counsel to testify regarding the pretrial identification evidence; and (4) did not file a motion to sever the robbery and car-theft charges against Palmer. We affirm.
 
 I. STANDARD OF REVIEW[1]
 
 4
 We review de novo the district court's denial of Palmer's section 2254 habeas petition. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.), cert. denied, 117 S.Ct. 588 (1996). Trial errors justifying habeas relief must have "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (citation and internal quotation omitted). We must afford a presumption of correctness to factual determinations by the state court; only clear and convincing evidence will overcome this presumption. See Tomlin v. Myers, 30 F.3d 1235, 1242 (9th Cir.1994).
 
 
 5
 We also review de novo the mixed question of law and fact as to whether Palmer's trial counsel was ineffective. Moran v. Godinez, 57 F.3d 690, 699 (9th Cir.1994), cert. denied by Moran v. McDaniel, 116 S.Ct. 479 (1995). The state court's resolution of a mixed question is not entitled to the presumption of correctness the panel must afford its findings of fact. See Powell v. Gomez, 33 F.3d 39, 41 (9th Cir.1994). However, review of counsel's performance is "highly deferential." Strickland v. Washington, 466 U.S. 668, 689 (1984). We must apply a "strong presumption" that counsel's performance was adequate and reflected reasonable professional judgment. United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir.1986).
 
 
 6
 In order to prevail on his claim of ineffective assistance of counsel, Palmer must establish both that his trial counsel's performance was deficient according to an objective standard of reasonable representation and that it is reasonably probable that counsel's errors prejudiced the result of Palmer's trial. Strickland v. Washington, 466 U.S. at 687, 693.
 
 
 7
 II. FAILURE TO MOVE TO EXCLUDE PRETRIAL IDENTIFICATION EVIDENCE
 
 
 8
 Palmer argues that his counsel was ineffective for not moving to exclude photo and live line-up identifications of Palmer by the Circle K store clerk. Palmer argues that because the government's case against him on the Circle K robbery charge hinged entirely on the clerk's identifications, counsel's failure to challenge the identification evidence cannot be considered reasonable. See Tomlin, 30 F.3d at 1238.
 
 
 9
 Our review of the record convinces us that neither identification procedure was "so impermissibly tainted as to give rise to a substantial likelihood of mistaken identification." United States v. Matta-Ballesteros, 71 F.3d 754, 769 (9th Cir.1995), as amended on denial of reh'g, 98 F.3d 1100 (1996). Therefore, Palmer's counsel was objectively reasonable in deciding not to move to exclude the pretrial identifications.
 
 
 10
 Moreover, counsel's trial strategy was to undermine the clerk's identifications with testimony by an eyewitness identification expert. Because counsel used the pretrial identification evidence in questioning the expert, his decision not to move to exclude that evidence was a reasonable trial tactic.
 
 
 11
 III. FAILURE TO CALL PALMER'S WIFE AS AN ALIBI WITNESS
 
 
 12
 Palmer testified that at the time of the Circle K robbery he was home with his pregnant wife. Palmer's counsel subpoenaed Palmer's wife but ultimately did not call her as a witness. Palmer argues that counsel's decision not to call Mrs. Palmer was unreasonable.
 
 
 13
 Counsel's tactical decision not to call a particular witness does not form the basis for an ineffective assistance claim. See Morris v. California, 966 F.2d 448, 456 (9th Cir.1991), cert. denied, 506 U.S. 831 (1992). In her declaration in support of Palmer's state habeas petition, Mrs. Palmer stated she would have testified that:
 
 
 14
 My husband was with me at 5:00 a.m. on October 5, 1991, at the time of the Circle K robbery. He had to have been with me at 5:00 in the morning on October 5th because I was approximately nine months pregnant. Although my husband sometimes went out at night with his friends, he usually would come home no later than 2:00 a.m. He never stayed out all night because I was about to have my baby.
 
 
 15
 Particularly because Palmer was arrested while driving a stolen vehicle at approximately 3:00 a.m. on October 6, 1991, the prosecutor easily could have impeached Mrs. Palmer's proposed testimony. Counsel's decision not to call Mrs. Palmer and to rely on Palmer's and his sister-in-law's testimony that he was home at the time of the robbery clearly fell within the range of reasonable professional representation. See Denham v. Deeds, 954 F.2d 1501, 1505 (9th Cir.1992) (glaring inconsistencies in alibi witness's proposed testimony justified counsel's decision not to call witness).
 
 
 16
 IV. FAILURE TO CALL PRETRIAL COUNSEL AS A WITNESS
 
 
 17
 Palmer's pretrial counsel was prepared to testify to his legal conclusion that the photo line-up was suggestive and to his speculation that the store clerk had viewed the photo line-up shortly before the first, cancelled live line-up. This testimony probably would have been inadmissible opinion testimony under the California Evidence Code. See Cal.Evid.Code §§ 703, 800, 803;[2] Planned Parenthood Shasta-Diablo, Inc. v. Williams, 873 P.2d 1224, 1241 (Cal.) (legal conclusion of non-expert witness is not competent evidence), opinion vacated on other grounds, 115 S.Ct. 413 (1994); Osborn v. Mission Ready Mix, 224 Cal.App.3d 104, 113-14 (Cal.Ct.App.1990) (non-expert opinion testimony admissible only insofar as it reflects witness's own perception of the facts and is helpful to a clear understanding of witness's testimony). Palmer's trial counsel did not act below a reasonable standard of professional representation by deciding not to offer likely inadmissible testimony.
 
 
 18
 Even if counsel was deficient in failing to call pretrial counsel, that decision did not prejudice Palmer's defense. Palmer has not presented any basis on which the clerk's in-court identification of him might have been excluded. Counsel did call an eyewitness identification expert who testified at length about the reliability and significance of the store clerk's various identifications of Palmer. The trial judge herself commented on counsel's thorough and competent cross-examination regarding the eyewitness identifications. Palmer has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694.
 
 
 19
 V. FAILURE TO MOVE TO SEVER THE ROBBERY AND CAR-THEFT CHARGES
 
 
 20
 Palmer argues that his counsel was ineffective in not moving to sever the robbery and car-theft charges. California allows offenses of the same class to be joined. Cal.Penal Code § 954. California has a "strong legislative policy in favor of joinder of charges unless there is prejudice." People v. Gomez, 24 Cal.App.4th 22, 28 (Cal.Ct.App.1994). Under California law, a motion to sever properly joined offenses may be granted if
 
 
 21
 (1) evidence on the crimes to be jointly tried would not be cross-admissible in separate trials; (2) certain of the charges are unusually likely to inflame the jury against the defendant; (3) a 'weak' case has been joined with a 'strong' case ... so that the 'spillover' effect of aggregate evidence on several charges might well alter the outcome.
 
 
 22
 Franks v. Superior Ct., 770 P.2d 1119, 1122 (Cal.1989) (citations omitted). In reviewing Palmer's federal habeas petition, the magistrate found that robbery and the unlawful taking or driving of a vehicle, both involving theft, are the same class of offense. Palmer does not contest this finding, but argues that the trial court could have granted a motion to sever because the robbery charge was weaker than the car theft charge and the potential prejudicial effect of joint trial would have justified severance.
 
 
 23
 However, neither crime was of a particularly inflammatory nature. See People v. Daly, 8 Cal.App.4th 47, 56 (Cal.Ct.App.1992) (joining robbery, kidnapping, and attempted murder was not inflammatory). Evidence that Palmer and his female codefendant knew each other and were together in the early-morning hours on consecutive nights would have been cross-admissible to corroborate the eyewitness identifications and to show identity.[3] See People v. Garceau, 862 P.2d 664, 697 (Cal.1993), cert. denied, 115 S.Ct. 144 (1994). Finally, the car-theft case was not significantly "stronger" than the robbery case against Palmer, considering the robbery victim's identifications of Palmer.
 
 
 24
 Palmer's trial counsel has explained that he did not make a motion to sever because it "would have a snowball's chance in hell of prevailing and would border upon being a spurious motion." Counsel did not deliver a deficient performance by failing to make a meritless motion to sever. See Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982) ("[F]ailure to raise a meritless legal argument does not constitute ineffective assistance of counsel."); People v. Mattson, 789 P.2d 983, 1017 (Cal.) (habeas petitioner must show motion would have been meritorious to establish ineffective assistance claim), cert. denied, 498 U.S. 1017 (1990).
 
 
 25
 Furthermore, even if counsel's failure to move for severance fell below the standard of reasonable professional representation, Palmer was not prejudiced by that failure. The trial court instructed the jury that it must find that the People had proven beyond a reasonable doubt each element of each separate offense. The trial court also instructed the jury that "[y]ou must decide separately whether each of the defendants is guilty or not guilty as to each count." Palmer has presented no evidence that the jury disregarded these instructions; he therefore has failed to show a reasonable probability that a motion to sever would have led to a different trial result. See Strickland v. Washington, 466 U.S. at 694.
 
 V. CONCLUSION
 
 26
 Palmer's counsel made reasonable tactical decisions. The ultimate success or failure of his strategy is not the test. Palmer was not denied his Sixth Amendment right to the effective assistance of counsel. We therefore AFFIRM the district court's denial of Palmer's habeas petition.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Palmer filed his federal habeas petition on June 13, 1995. On April 26, 1996, the Anti-terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1217-20, ("AEDPA") took effect. Pursuant to the AEDPA, we now must deny a state prisoner's habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d) (as amended). The California Court of Appeal denied Palmer's petition for a writ of habeas corpus and expressly found that Palmer did not receive ineffective assistance of counsel. However, because our review of the merits convinces us that Palmer's trial counsel was not ineffective, we need not determine whether the AEDPA applies retroactively to this case
 
 
 [2]
 Section 702 provides in pertinent part:
 (a) ... the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter.
 Section 800 provides:
 If a witness is not testifying as an expert, his testimony in the form of an opinion is limited to such an opinion as is permitted by law, including but not limited to an opinion that is:
 (a) Rationally based on the perception of the witness;
 and
 (b) Helpful to a clear understanding of his testimony.
 Section 803 provides in pertinent part:
 The court may, and upon objection shall, exclude testimony in the form of an opinion that is based in whole or in significant part on matter that is not a proper basis for such an opinion.
 
 
 [3]
 The California Court of Appeal so held in denying Palmer's state habeas petition, and we are bound by the state court's interpretation of state evidentiary law. See Sanders v. Ratelle, 21 F.3d 1446, 1454 (9th Cir.1994)