112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold Del JOYCE, Petitioner-Appellant,
v.
STATE of Oregon, Respondent-Appellee.
 No. 96-35329.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided April 25, 1997.
 
 1
 Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Harold Del Joyce ("Joyce") was convicted in Oregon of burglary, menacing, and of assaulting and raping an 80-year-old nun. He appeals the district court's denial of his petition for a writ of habeas corpus. Joyce claims because his trial counsel was ineffective that his Sixth Amendment right to counsel was violated. Joyce's counsel failed to object to the admission of testimony by a witness who had been subjected to hypnosis in violation of an Oregon statute. Joyce also argues that there was insufficient evidence for a rational trier of fact to find him guilty of rape beyond a reasonable doubt. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.
 
 I. Background
 
 4
 On August 15, 1984, Sister Joseph Mary Rose Terhaar ("Sister Joseph"), an 80-year-old nun, was assaulted in an Ashland, Oregon church. During the assault, the intruder grabbed Sister Joseph from behind and held a cloth over her mouth saying, "[e]ither we are going to do this by mouth or otherwise." A struggle ensued in which Sister Joseph bit her assailant's finger. The assailant then hit Sister Joseph, breaking her jaw, and rendering her unconscious. She later awoke in a storage closet with her skirt pulled up and her pantyhose down. A medical examiner found that her genital area had been traumatized. The doctor testified that no semen was found, but that her vagina had been partially penetrated. At trial, Sister Joseph positively identified Joyce as her attacker.
 
 
 5
 During the time Sister Joseph was being attacked, two boys, 12 and 13 years-old, were playing at the church. When interviewed after the attack, the boys said they saw a man limp from the church and speed away in a car they described as a maroon Thunderbird. At trial, one of the boys testified that Joyce was the man he saw running from the church; the other boy said Joyce looked like the man he saw, but was not positive.
 
 
 6
 On the day of the assault, Joyce ran out of gas on Highway I-5, south of Ashland, Oregon, and went to a gas station two blocks from the church. As Joyce did not have enough money to pay for gas, the owner of the gas station, Robert Guthmiller, agreed to accept a rifle in lieu of payment.
 
 
 7
 Guthmiller told the police that Joyce's car was either a maroon Thunderbird or Lincoln Continental. Guthmiller also told police that he noticed that one of Joyce's middle fingers may have been injured because he seemed to favor it and hold it at a strange angle. After the police obtained Guthmiller's initial statement, they placed him under hypnosis for further questioning, but little else was learned through this process. The police did not record the hypnosis session. After the hypnosis session was over, Guthmiller assisted the police in making a composite drawing of Joyce. When shown the composite, Sister Joseph told the police that it resembled the person who attacked her.
 
 
 8
 The jury found Joyce guilty of first degree burglary and rape, fourth degree assault, and menacing. Ten jurors voted guilty, while two jurors voted not guilty.
 
 II. Opinion Below
 
 9
 The district court denied Joyce's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court agreed with Joyce that the performance of Joyce's trial counsel was deficient in failing to object to the testimony of a state's witness who had been hypnotized by police. However, the court concluded that Joyce suffered no prejudice from the deficiency because there was no reasonable probability that he would not have been convicted had the witness's testimony been excluded. The court also concluded that there was sufficient evidence from which a trier of fact could have found Joyce guilty of rape.
 
 III. Ineffective Assistance of Counsel
 
 10
 The decision to deny a petition for habeas corpus relief is reviewed de novo. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.1996), cert. denied, 117 S.Ct. 588 (1996). Joyce's first claim, ineffective assistance of counsel, is a mixed question of law and fact, reviewed de novo. Moran v. Godinez, 57 F.3d 690, 699 (9th Cir.1994), cert. denied, 116 S.Ct. 479 (1995); Tomlin v. Myers, 30 F.3d 1235, 1237 (9th Cir.1994).
 
 
 11
 In order to prevail on his claim of ineffective assistance of counsel, Joyce must establish both that his trial counsel's performance was deficient according to an objective standard of reasonable representation and that it was reasonably probable that counsel's errors prejudiced the result of Joyce's trial. Strickland v. Washington, 466 U.S. 668, 687, (1984); Mak v. Blodgett, 970 F.2d 614, 618 (9th Cir.1992), cert. denied, 113 S.Ct. 1363 (1993). "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374, (1986).
 
 
 12
 According to Strickland, judicial scrutiny of counsel's performance must be "highly deferential." Strickland, 466 U.S. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the petitioner must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id.; see United States v. Steele, 785 F.2d 743, 750 (9th Cir.1986). The court must apply a "strong presumption" that counsel's performance was adequate and reflected reasonable professional judgment. United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir.1986).
 
 
 13
 Joyce claims that his counsel's assistance was deficient for failing to object to Guthmiller's testimony. Joyce claims that all of Guthmiller's testimony should have been excluded because the police violated Oregon law when they failed to record their hypnosis session with Guthmiller. Or.Rev.Stat. § 136.675 states:
 
 
 14
 Conditions for use of testimony of persons subjected to hypnosis. If either prosecution or defense in any criminal proceeding in the State of Oregon intends to offer the testimony of any person ... who has been subjected to hypnosis ... which is intended to or results in a state of trance, sleep or entire or partial unconsciousness relating to the subject matter of the proposed testimony, performed by any person, it shall be a condition of the use of such testimony that the entire procedure be recorded, either on videotape or any mechanical recording device....
 
 
 15
 (emphasis added).
 
 
 16
 Based on its plain reading of the statute, the federal district court concluded that Joyce's counsel was deficient for failing to object to Guthmiller's testimony because such testimony should have been excluded under Oregon law.[1]
 
 
 17
 We do not agree that counsel was incompetent in failing to object to the admission of Guthmiller's testimony. Contrary to the district court's conclusion, we find the Oregon statute's applicability to Guthmiller's testimony highly questionable. The statute can be read as prohibiting only testimony which was materially affected by the hypnosis. Furthermore, such a reading would be consistent with the statute's purpose as described by the Oregon Court of Appeals. See State v. Luther, 663 P.2d 1261, 1267 (Or.Ct.App.) (noting that "the purpose of the [recording requirement in Or.Rev.Stat. § 136.675] is to give the other party an accurate record of what occurred to permit an attack on the credibility of the witness by showing the jury what was done with the witness during the hypnotic session"), aff'd, 672 P.2d 691 (Or.1983). In this case, Guthmiller told the police everything that he testified to at trial before he was hypnotized. Thus, the purpose of the statute is not undermined by the admission of Guthmiller's pre-hypnosis testimony.
 
 
 18
 Since Guthmiller's testimony was not affected or influenced by the hypnosis, we hold that defense counsel's performance in not objecting to the admission of Guthmiller's testimony was not deficient under Strickland. Had Joyce's counsel objected to admission of such testimony, the state trial court would likely have ruled it admissible, and Oregon's higher courts likely would have sustained that ruling. Counsel's failure to object to such testimony, therefore, was not so deficient as to have deprived Joyce of his Sixth Amendment right to effective assistance of counsel.
 
 
 19
 IV. Sufficiency of Evidence to Support Rape Conviction
 
 
 20
 The court examines the sufficiency of the evidence to support a conviction in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Carpenter, 95 F.3d 773, 775 (9th Cir.1996), cert. denied, 117 S.Ct. 1094 (1997). The court must determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319; United States v. Orozco-Santillan, 903 F.2d 1262, 1264 (9th Cir.1990).
 
 
 21
 Under Oregon law, sexual intercourse is an essential element of Rape in the First Degree.[2] Sexual intercourse "has its ordinary meaning and occurs upon any penetration, however slight; emission is not required." Or.Rev.Stat. § 163.305(7).
 
 
 22
 Joyce argues there was insufficient evidence for a trier of fact to have concluded beyond a reasonable doubt that Sister Joseph was raped within the meaning of Or.Rev.Stat. § 163.375.[3] He argues that the definition of "sexual intercourse" requires that the jury find beyond a reasonable doubt that Joyce penetrated Sister Joseph with his penis and that there was insufficient evidence to support this conclusion. He argues that in light of the evidence presented it was equally as likely that the attacker, angered at being bitten, assaulted her by breaking her jaw and then decided to do violence to her sexual parts. Joyce emphasizes that, although the medical doctor who examined Sister Joseph testified that she had been penetrated, he could not say with what.
 
 
 23
 Although the medical examination revealed no semen, there was evidence of partial penetration and genital trauma. Sister Joseph testified to her attacker's threat that "either we're going to do this by mouth or otherwise" and she awoke to find her skirt up and pantyhose down. Based on this evidence, a rational trier of fact could have concluded beyond a reasonable doubt that the assailant raped her.
 
 V. Conclusion
 
 24
 The applicability of Oregon's hypnosis statute as a bar to Guthmiller's testimony is questionable at best and an Oregon state court likely would have admitted such testimony even if Joyce's counsel had objected to its admission. Therefore, Joyce was not denied his Sixth Amendment right to effective assistance of counsel. Also, there was evidence at trial to support Joyce's conviction of rape. We therefore AFFIRM the district court's denial of Joyce's habeas petition.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nonetheless, the district court concluded that Joyce did not show that this deficiency prejudiced him; for this reason, his ineffective assistance of counsel claim failed under the second prong of Strickland. Since we find that Joyce did not even satisfy the first prong of Strickland, we do not address whether Joyce proved actual prejudice
 
 
 [2]
 Or.Rev.Stat. § 163.375, Rape in the First Degree, states:
 (1) A person who has sexual intercourse with another person commits the crime of rape in the first degree if:
 (a) The victim is subjected to forcible compulsion by the person; ...
 (d) The victim is incapable of consent by reason of mental defect, material incapacitation or physical helplessness.
 
 
 [3]
 Joyce argues that based on the evidence before the court, he should have been charged with the Class A felony of Sexual Penetration with a Foreign Object in the First Degree, not rape. Under Oregon law, "a person commits the crime of sexual penetration with a foreign object in the first degree if the person penetrates the vagina, ..., and (a) the victim is subjected to forcible compulsion." Or.Rev.Stat. § 163.411