**Von Laderas McPHERSON,**
Petitioner—Appellant,

v.

**C.M. HARRISON, Warden,**
Respondent—Appellee.

No. 04–56713.

D.C. No. CV–01–02941–SJO.

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2006.*

Decided March 16, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Statia Peakheart, Esq., FPDCA - Federal Public Defender's Office, Los Angeles, CA, for Petitioner-Appellant.

Pat Zaharopoulos, Esq., Marvin E. Mizell, Dag Fax, AGCA - Office of the California Attorney General, San Diego, CA, for Respondent-Appellee.

Before HALL, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Petitioner Von Laderas McPherson appeals the district court's denial of his petition for writ of habeas corpus. We certified McPherson's two ineffective assistance of counsel claims. We review the district court's denial of a habeas petition de novo. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir.2004). We affirm.

Respondent contends that because the California Supreme Court denied McPherson's second state habeas petition on procedural grounds pursuant to *In re Clark,* 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), we may not properly review his claims. We agree with the district court that Respondent did not carry his initial burden to prove that the *Clark* bar is an adequate state procedural ground which precludes federal habeas review. *See Bennett v. Mueller,* 322 F.3d 573, 586 (9th Cir.2003) ("[B]ecause it is the [Respondent] who seeks dismissal based on the procedural bar, it is the [Respondent] who must bear the burden of demonstrating that the bar is applicable—in this case that the state procedural rule has been regularly and consistently applied in habeas actions."). Therefore, we review McPherson's claims on the merits.

Both of McPherson's ineffective assistance of counsel claims fail under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A claim of ineffective assistance of counsel has two components: (1) "the defendant must show that counsel's performance was deficient"; and (2) "the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. 2052.

We agree with the district court that counsel's decision not to walk McPherson before the jury to undermine an eyewitness identification was fraught with risk and could easily be a strategic one. Criticizing trial tactics is not sufficient to establish ineffective assistance. *United States v. Ferreira–Alameda,* 815 F.2d 1251, 1254 (9th Cir.1986). In addition, McPherson fails to establish prejudice because there was sufficient evidence of McPherson's guilt beyond this eyewitness testimony.

McPherson next argues that counsel should not have waived McPherson's appearance at three court proceedings. McPherson fails to establish that these proceedings were critical stages of the trial, or that a fair and just hearing was thwarted due to his absence. *See Rushen v. Spain,* 464 U.S. 114, 117, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983); *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). Additionally, he fails to show how counsel's waiver of his presence at these proceedings was deficient performance or prejudicial to his case.

McPherson also briefs additional issues not covered by the Certificate of Appealability ("COA"). Under Circuit Rule 22–1(e), we construe McPherson's briefing on the uncertified issues as a motion to expand the COA. Because McPherson fails to demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," we decline to expand the COA. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

McPherson's Motion to Expand the Record filed on July 20, 2005, is denied pursuant to Federal Rule of Appellate Procedure 10.

AFFIRMED.

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.