**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3266 |
| Plaintiff - Appellee, | D.C. No. 3:24-cr-08016-SMB-1 |
| v. | MEMORANDUM[*] |
| MORONI JOHNSON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted June 10, 2026[**]
San Francisco, California

Before: GOULD, NGUYEN, and VANDYKE, Circuit Judges.

Defendant-Appellant Moroni Johnson ("Johnson") was a founding member of a child sex abuse ring that victimized ten minor girls, including Johnson's own daughters. After pleading guilty to one count of conspiracy to commit transportation of a minor for criminal sexual activity in violation of 18 U.S.C. § 2423(a), (e),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Johnson was sentenced to twenty-five years in federal prison followed by a lifetime term of supervised release. Johnson appeals the district court's sentence, arguing (1) that the district court erred by imposing a supervised release condition that requires him to obtain permission before "directly or indirectly contact[ing] any victim(s) and victim(s) family," and (2) that his sentencing counsel provided ineffective assistance of counsel by failing to object to that condition. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Johnson's challenge to Special Condition 8 is not yet ripe. A claim is unripe if it involves "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985) (citing 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)). To determine if a dispute is ripe, we are required to "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

When imposing a condition of supervised release that intrudes upon intimate relationships, a court "must consider the history and characteristics of the defendant and the history of his relationship with the affected intimate family members as well as the need for deterrence, protection of the public, and rehabilitation." *United States*

*v. Wolf Child*, 699 F.3d 1082, 1094 (9th Cir. 2012) (citing 18 U.S.C. § 3583(d)(1) (internal quotation marks omitted)). Because the nature of intimate relationships can change dramatically with time, a court must evaluate the "present circumstances and relationship" when the involved parties have the potential to interact. *United States v. Napulou*, 593 F.3d 1041, 1046 (9th Cir. 2010).

Here, Johnson's intimate relationships before his conviction, or even his relationships as they exist now, will not necessarily resemble his intimate relationships as they may exist at the end of his decades-long prison sentence. "We thus affirm the sentence the district court imposed, but without prejudice as to the challenged condition of supervised release such that [Johnson] may raise the argument again by asking the district court to modify the condition when the issue is no longer speculative." *United States v. Vinge*, 85 F.4th 1285, 1291 (9th Cir. 2023).

2. "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal." *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). "Such claims normally should be raised in habeas corpus proceedings, which permit counsel to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *Id.* (quoting *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000)). Nevertheless, review on direct appeal may be appropriate "when the record on appeal is sufficiently developed to permit review and determination of the

issue" or "when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* (quoting *Ross*, 206 F.3d at 900).

Here, direct review of Johnson's counsel's performance is unwarranted. The record is entirely silent regarding the reasons counsel did not challenge Special Condition 8 during sentencing. In light of Johnson's guilty plea, his acceptance of responsibility, and the family-related nature of his offenses, counsel's decision not to seek unmonitored familial contact could certainly have been a reasonable strategic choice. Nothing in the record rebuts the "strong presumption that counsel's conduct fell within the wide range of reasonable representation," *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986), much less suggests that Johnson was "obviously denie[d] . . . his Sixth Amendment right to counsel." *McKenna*, 327 F.3d at 845 (quoting *Ross*, 206 F.3d at 900).

**AFFIRMED.**[2]

---

[2] Appellee's motion for judicial notice (Dkt. 24) is **GRANTED**.