**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James L. COCHRANE, Defendant–Appellant.**

**No. 92–50200.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 1993.[*]

Decided Feb. 16, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir. R. 34.4.

W. James Knowles, Heber City, UT, for defendant-appellant.

Anne Kristina Perry, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, SNEED and HALL, Circuit Judges.

PER CURIAM:

James L. Cochrane appeals his conviction on two counts of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1), and twenty-three counts of aiding and assisting the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2). The district court had jurisdiction under 18 U.S.C. § 3231, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

I

 First, we consider whether the district court erred in denying Cochrane's motion for a new trial on the ground of ineffective assistance of counsel. Cochrane argues that he was denied effective assistance of counsel during the proceedings below because (1) the court-appointed attorney assigned to assist his *pro se* representation failed to exercise care and skill in assisting him; (2) the retained attorney who conducted the trial failed to present to the jury the theories and authorities upon which Cochrane relied in forming his beliefs regarding the tax laws; and (3) the reappointed attorney who represented him throughout the post-trial proceedings failed to present his new trial motion properly. We review the district court's denial of a new trial motion for abuse of discretion. *United States v. George*, 960 F.2d 97, 101 (9th Cir.1992). We review de novo its determination of whether the defendant received ineffective assistance of counsel. *United States v. Ferreira–Alameda*, 815 F.2d 1251 (9th Cir.1986).

 A challenge to a conviction based upon ineffective assistance of counsel ordinarily is made through collateral attack, not on direct appeal, in order to develop a complete record on which to evaluate this fact-specific claim. *United States v. O'Neal*, 937 F.2d 1369, 1376 (9th Cir.1991), *overruled on other grounds by United*

*States v. Sahakian*, 965 F.2d 740 (9th Cir. 1992); *United States v. Rewald*, 889 F.2d 836, 859 (9th Cir.1989), *amended*, 902 F.2d 18 (9th Cir.), *cert. denied*, 498 U.S. 819, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990). Where the record is sufficient, however, the Court may decide the issue on direct appeal. *O'Neal*, 937 F.2d at 1376; *United States v. Wagner*, 834 F.2d 1474, 1482 (9th Cir.1987).

A

 As to complaints with the quality of the pretrial motions filed on his behalf, Cochrane did not raise this issue before the district court and we ordinarily would not decide it on appeal. We note, however, that Cochrane acted *pro se* in these matters. We reject as a matter of law his argument that because he made some use of the standby counsel appointed to assist him, we should lay Cochrane's errors at attorney Robinson's feet. "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' " *Faretta v. California*, 422 U.S. 806, 834–35 n. 46, 95 S.Ct. 2525, 2540–41 n. 46, 45 L.Ed.2d 562 (1975); *McKaskle v. Wiggins*, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 950 n. 8, 79 L.Ed.2d 122 (1984) (quoting *Faretta*); *Savage v. Estelle*, 924 F.2d 1459, 1466 (9th Cir.1990) (quoting *Faretta*), *cert. denied*, —— U.S. ——, 111 S.Ct. 2900, 115 L.Ed.2d 1064 (1991).[1] The obscure and convoluted form of his motions and lack of proper citations of law, *see* Appellant's Reply Brief at 15, were Cochrane's own responsibility.

B

Because Cochrane raised objections to trial counsel Dierker by motion for new trial, the trial judge explored trial counsel's performance before rendering judgment. The record is thus sufficient to assess counsel's performance during trial, and also the likelihood of prejudice from any deficiency.

---

1. We need not decide if a *pro se* defendant may ever challenge the assistance of standby counsel whose assistance he has sought and received to

conclude that the circumstances of this case do not warrant an exception to the rule articulated in *Faretta*.

■ To demonstrate that counsel's performance was so poor as to comprise a constitutional violation, Cochrane must show both a deficient performance and prejudice to the defense—a reasonable probability that but for the errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *Ferreira–Alameda,* 815 F.2d at 1253 (citations omitted).

■ Trial counsel's failure to present the authorities upon which Cochrane relied does not demonstrate incompetency. Counsel presented a defense of good faith belief that Cochrane was complying with the law as he believed it applied to him through Cochrane's own testimony. The district court found that the defense was adequately presented. A decision not to present the authorities on which Cochrane allegedly relied might have been reasonable trial strategy. Their persuasive force is not apparent to us, and given the unnatural and strained nature of his reading of the authorities, we doubt it would have been more so to lay persons. Moreover, presentation to the jury of the arguments and authorities enumerated in Cochrane's brief would have suggested that Cochrane was intimately familiar with the tax provisions of the United States Code and the Code of Federal Regulations, with court decisions, and with rulings of the Internal Revenue Service. This would have reinforced the government's argument that Cochrane must have known the frivolity of his legal position, given the numerous cases so holding. *See Cheek v. United States,* 498 U.S. 192, 203, 111 S.Ct. 604, 611, 112 L.Ed.2d 617 (1991); *see id.* at 199, 111 S.Ct. at 609 n. 7 (citing cases). We find no merit in Cochrane's contention that an attorney's decision not to present such evidence is as erroneous and prejudicial as a court's refusal to admit such evidence when proffered or its improper instruction as to the relevant law. *Cf. Cheek,* 498 U.S. at 202–

03, 111 S.Ct. at 611 (reversing conviction for willful tax evasion where district court improperly instructed jury as to meaning of good faith belief); *United States v. Powell,* 955 F.2d 1206, 1213–14 (9th Cir.1992) (warning against excluding evidence of the law upon which defendants relied in forming their belief regarding tax laws).

We also see little possibility that a jury would have rendered a different verdict, had it been better informed of Cochrane's theories and the authorities on which he relied. We see virtually no possibility that a jury could have followed his highly technical abstraction of legal concepts from inapposite case law and the convoluted reasoning that tenuously strings each theory together to form Cochrane's argument. Aside from the fact that it is utterly devoid of legal merit, it also lacks any semblance of intuitive or commonsense appeal. Cochrane fails to convince that there was a reasonable probability of a different outcome.

■ Although Cochrane criticizes Dierker's performance in numerous other particulars, he fails to show that any of them are both incompetent and prejudicial. There was ample evidence to support a finding that Cochrane was aware of the falsity of the statements he made and advised others to make. The benchmark of a meritorious ineffective assistance of counsel claim is a performance so poor that "the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2063. We cannot say that the trial appears to have produced an unreliable result.

### C

Cochrane raised no issue before the district court as to counsel Robinson's assistance during his post-trial proceedings, and thus the district court did not inquire into or rule upon the sufficiency of his performance. We thus do not decide on this appeal whether Cochrane was denied effective assistance of counsel in this respect.

## II

 Cochrane also claims that he was never informed of the nature of the charges against which he was called upon to defend himself. He argues that the indictment merely informed him he had violated 26 U.S.C. § 7206; that the Code of Federal Regulations provisions dealing with the enforcement of section 7206 concern the Bureau of Alcohol, Tobacco and Firearms (BATF); and that since he had never dealt in anything relating to those matters, "he was at a loss to see how any of his conduct would come under BATF, or be chargeable under a provision of law administered by BATF." Appellant's Brief at 44. Cochrane argues that section 7206 is unconstitutionally vague because it fails to make explicit or clarify its connection to tax laws pertaining to Alcohol, Tobacco and Firearms.

This contention is meritless. " '[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited....' " *United States v. Dischner,* 974 F.2d 1502, 1510 (9th Cir.1992) (quoting *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)), *pet. for cert. filed* (Dec. 3, 1992). Section 7206 prohibits making or assisting the making of *any* materially false return, statement, claim or other document under *the internal revenue laws.* 26 U.S.C. §§ 7206(1), (2) (1988). Nothing in that section limits its applicability to the internal revenue laws concerning alcohol, tobacco and firearms, or even suggests that they are its primary focus. Under a reasonable construction of the statute, a person of ordinary intelligence could understand that it criminalizes lying on any form or document filed with the IRS.

 To the extent that Cochrane also challenges the sufficiency of the indictment apart from his claim of jurisdictional insufficiency, his claims are meritless. An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts. *United States v. Jenkins,* 884 F.2d 433, 438–39 (9th Cir.), *cert. denied,* 493 U.S. 1005, 110 S.Ct. 568, 107 L.Ed.2d 562 (1989). The indictment informed Cochrane that he was charged with making false tax returns in 1985 and 1986 and identified the particulars in which the returns were alleged to be false. It also informed him that he was charged with assisting and advising the preparation of returns for other persons identified in the indictment who falsely claimed foreign income exclusions, and recited the dates of the returns and the amounts of the false claims. We find the indictment sufficient.

The district court's judgment is AFFIRMED.