12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven Joseph SANCHEZ, Petitioner-Appellant,
v.
Charles MARSHALL; Dan Lungren, State of California Attorney
General, Respondents-Appellees.
 No. 93-15309.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 MEMORANDUM**
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 Steven Sanchez, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his jury convictions for two counts of first degree murder and use of a firearm. Sanchez contends he was denied the right of confrontation under the Sixth Amendment and he received ineffective assistance from both trial and appellate counsel. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 Background
 
 2
 On August 9, 1989, Sanchez filed a habeas petition with the California Supreme Court in which he claimed denial of his right to confront witnesses, constitutional error in evidentiary rulings, and perjury by a witness. After that petition was denied, Sanchez filed a federal habeas petition on the same claims. The district court denied the petition and noted both (1) state procedural default based upon Sanchez's failure to raise the claims on direct appeal and (2) failure to exhaust remedies because Sanchez did not adequately describe the "operative facts and legal theory" of the confrontation claim in his state habeas petition. The district court also denied Sanchez's request to amend his petition to include a claim of ineffective assistance of counsel but recommended that he exhaust this claim by a renewed habeas petition in the California courts. No appeal was taken from the district court's denial of the habeas petition.
 
 
 3
 On May 9, 1991, Sanchez filed another habeas petition with the California Supreme Court in which he claimed denial of his right to confrontation and ineffective assistance of counsel. That petition was denied, and the instant federal habeas petition followed.
 
 
 4
 * Ineffective Assistance
 
 
 5
 Sanchez contends he received ineffective assistance of counsel because his trial counsel failed to make an objection to co-defendant Andre Sauceda's testimony concerning Sauceda's guilty plea and use of the Fifth Amendment privilege against incrimination. Sanchez also contends his appellate counsel rendered ineffective assistance.
 
 
 6
 To demonstrate ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). To show prejudice, a defendant must show a reasonable probability that the result would have been different but for the counsel's errors. Strickland, 466 U.S. at 694; Cochrane, 985 F.2d at 1030. In addition, the result of the proceeding must be "fundamentally unfair or unreliable." Lockhart v. Fretwell, 61 U.S.L.W. 4155, 4157 (U.S. Jan. 25, 1993).
 
 
 7
 Here, Sanchez and Sauceda stole a gun from a gun store. According to Sanchez, Sauceda told him he was going to buy some marijuana, and Sanchez waited outside the house while Sauceda made the purchase. Sanchez testified that Sauceda returned with drugs and stated he had just shot a little girl and woman. The government presented evidence, however, that Sanchez had been inside the house during the killing and had earlier agreed to pulling "a job." In addition, evidence was admitted indicating that Sanchez helped steal the drugs and received a share of the drugs for his involvement.
 
 
 8
 Sauceda testified that he had pleaded guilty to the murders but refused to answer whether he was the one actually responsible for the killings. Sanchez's trial counsel did not object to the testimony or Sauceda's reliance on the Fifth Amendment protection against self-incrimination. On appeal, appellate counsel addressed the issue of guilt by association but not the issues of a confrontation clause violation or ineffective assistance of trial counsel.
 
 
 9
 We hold that Sanchez's trial counsel was not deficient in his performance by failing to object to Sauceda's testimony. See Strickland, 466 F.2d at 687; Cochrane, 985 F.2d at 1030. Sauceda's admission against interest did not name or incriminate Sanchez and was not crucial or devastating to Sanchez's case. See People v. Garcia, 115 Cal.App.3d 85, 105-6 (1981) (no denial of confrontation clause where co-defendant does not shift greater blame to defendant or name defendant as personally responsible). In fact, Sauceda's admission that he pleaded guilty supported Sanchez's plea of not guilty as well as the defense theory that Sauceda committed the murders while Sanchez waited outside the home of the victims. With respect to Sanchez's dissatisfaction with appellate counsel's failure to raise the issues of the confrontation clause and ineffective assistance, we hold that appellate counsel was not deficient in failing to raise meritless issues. See Featherstone v. Estelle, 948 F.2d 1497, 1507 (9th Cir.1991) (no prejudice by appellate counsel's failure to raise issue of ineffective assistance where trial counsel's performance did not fall below Strickland standard).
 
 
 10
 Accordingly, the district court did not err by refusing to grant the petition on the basis of ineffective assistance.
 
 II
 Right of Confrontation
 
 11
 In regard to Sanchez's contention that his constitutional right of confrontation was violated when Sauceda claimed his Fifth Amendment privilege against self-incrimination, we do not address the claim as it is has been procedurally defaulted in state court.
 
 
 12
 In California, the failure to raise an issue on direct appeal constitutes a bar from raising the issue in a habeas petition. See In re Dixon, 41 Cal.2d 756, 759 (1953). Unless a habeas petitioner shows cause and prejudice, a district court may not reach the merits of " 'procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules' " in raising the claim. Clark v. Lewis, 1 F.3d 814, 819 (9th Cir.1993) (quoting Sawyer v. Whitley, 112 S.Ct. 2514 (1992)). In the absence of a showing of cause for procedural default, a district court may grant habeas relief only under extraordinary circumstances, such as "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1982).
 
 
 13
 Here, while ineffective assistance normally would constitute cause for failure to follow state procedural rules, since Sanchez has failed to show ineffective assistance, we agree with the district court's finding of no cause. Further, after review of all the evidence, we do not believe that any prejudice caused by Sauceda's testimony probably resulted in the conviction of one who was actually innocent. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3