26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elizabeth VICARIO-LOMELI, Defendant-Appellant.
 No. 93-50445.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1994.*
Decided June 14, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Vicario-Lomeli did not waive her right to appeal her sentence. The plea agreement expressly granted that right in the event the district court rejected the recommended sentence. The court explicitly reiterated this point at the change of plea hearing.
 
 
 3
 Untimely filing of the notice of appeal does not bar our consideration, since the district court found excusable neglect for the late filing.
 
 II.
 
 4
 When, pursuant to Rule 11(e)(1)(B), a plea agreement merely recommends a sentence, a district court's decision not to follow the recommendation does not amount to a rejection of the plea bargain. A district court need not offer a defendant the opportunity to withdraw her guilty plea if it decides another sentence is appropriate. United States v. Henderson, 565 F.2d 1119, 1121 (9th Cir.1977), cert. denied, 435 U.S. 955 (1978); Fed.R.Crim.Pro. 11 advisory committee's note to 1979 amendment, subdivision (e)(2) (citing Henderson ).
 
 
 5
 Rule 11(e)(2) provides that "[i]f the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation ... the defendant nevertheless has no right to withdraw the plea." The court informed Vicario-Lomeli that it was not bound by the parties' recommended sentence and that Vicario-Lomeli would not be able to withdraw her plea if the court decided to impose a different sentence. "The fact that the applicable Sentencing Guideline range was higher than defense counsel estimated ... does not demonstrate a violation of" Rule 11. United States v. Turner, 881 F.2d 684, 686 (9th Cir.), cert. denied, 493 U.S. 871 (1989); Henderson, 565 F.2d at 1121.
 
 III.
 
 6
 Vicario-Lomeli argues that her counsel failed to represent her effectively in that he: (1) miscalculated the applicable guideline range of sentencing, (2) failed to ask the court to allow her to withdraw her plea at the sentencing hearing, and (3) failed to file a timely notice of appeal. Ordinarily, an ineffective assistance of counsel claim will not be reviewed on direct appeal. United States v. Cochrane, 985 F.2d 1027, 1029 (9th Cir.1993). However, the record is sufficient for us to decide the issue. Id.
 
 
 7
 To prevail on her claim, Vicario-Lomeli must establish both that her attorney's performance was deficient and that the attorney's errors prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The sentencing court advised Vicario-Lomeli that it might not follow the recommended sentence. Counsel's inaccurate prediction of the possible sentence was not ineffective assistance. Cf. Turner, 881 F.2d at 687. Failure to request the withdrawal of the guilty plea was of no consequence. Under Rule 11, Vicario-Lomeli had no right to withdraw her plea at the sentencing hearing. No prejudice resulted from counsel's failure to file a timely notice of appeal, since the district court found that delay was caused by excusable neglect.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3