107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario ARTOLA, Jr., Defendant-Appellant.
 No. 95-30029.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1997.*
Decided Feb. 26, 1997.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Artola, Jr., was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.
 
 A. The Jury Instruction
 
 3
 Artola's proposed instruction based on Devitt & Blackmar, Federal Jury Practice and Instructions § 11.14, described "proof beyond a reasonable doubt" as "proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs." The instruction given by the district court was based on Ninth Circuit Pattern Instruction 3.03 and said that "[p]roof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty." This court has previously upheld the "firmly convinced" language, saying that the two formulations are "essentially two ways of conveying the same definition of reasonable doubt." United States v. Velasquez, 980 F.2d 1275, 1278 (9th Cir.1992), cert. denied, 508 U.S. 979 (1993). The district court did not err in rejecting Artola's proposed instruction in favor of the one that it gave.
 
 B. Ineffective Assistance of Counsel
 
 4
 "Ordinarily, a plea of ineffective assistance of counsel should be brought in a collateral proceeding under 28 U.S.C. § 2255 because the appellate record often lacks a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted." United States v. Quintero-Barraza, 78 F.3d 1344, 1347 (9th Cir.1995) (internal quotation omitted), cert. denied, 117 S.Ct. 135 (1996). If the record adequately sets forth the facts giving rise to the ineffectiveness claim, however, we will consider the defendant's argument on direct appeal and review counsel's effectiveness de novo. Id. To establish his ineffectiveness claim, Artola "must show both a deficient performance and prejudice to the defense--a reasonable probability that but for the errors, the result of the proceeding would have been different." United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984)).
 
 
 5
 1. Artola's contention that his lawyer was ineffective in not laying a proper foundation for excluding the state criminologist's reports is without merit. Although the district court did deny Artola's lawyer's motion to exclude the reports, they were not offered and therefore not admitted. Since the reports were ultimately not admitted, the failure of Artola's lawyer to lay a foundation to exclude them obviously could not have prejudiced Artola's defense.
 
 
 6
 2. Artola's contention that his lawyer was ineffective at sentencing does not lend itself to resolution on this record. It is clear that counsel's failure to notice the addition error in the presentence report could not have prejudiced Artola, since the sentencing range at offense level 40 is the same as that at offense level 42, the result erroneously arrived at by the presentence report (PSR).
 
 
 7
 However, Artola makes other generalized claims concerning his lawyer's representation at sentencing which we cannot resolve on this record. For example, he notes that no objections were filed to the PSR and that the lawyer advised Artola not to speak to the probation officer preparing the PSR, which eliminated any opportunity to get an adjustment for reduction of acceptance of responsibility. His advice to Artola was apparently based on the presumed availability of a double jeopardy defense, but the record contains no facts on which we can weigh the sufficiency of the efforts which led the lawyer to give this advice to Artola, or whether it prejudiced Artola at sentencing.
 
 
 8
 We note that Artola received an upward adjustment for obstruction of justice, which ordinarily dooms any chance of a downward adjustment for acceptance of responsibility. However, Artola's counsel did not challenge the factual basis for the obstruction of justice adjustment, nor on this record can we tell whether that decision was within the bounds of professional representation.
 
 
 9
 Except for the claims of ineffective assistance of counsel concerning the criminologist's reports and the failure to discover the error in addition in the PSR, which we consider and reject, we decline to reach Artola's claims of ineffective assistance of counsel. Our affirmance of Artola's conviction and sentence is without prejudice to his presentation of other claims of ineffective assistance of counsel in a petition filed pursuant to 28 U.S.C. § 2255.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3