117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darryl L. HRONEK, Defendant-Appellant.
 No. 94-30220.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1997.
July 3, 1997.
 
 Before: LAY,** BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Darryl L. Hronek appeals his jury conviction for conspiracy to manufacture and manufacture of marijuana plants in violation of 21 U.S.C. § 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * During the summer of 1992, Hronek owned several houses and rented others in Spokane, Washington. The government's evidence centered around the "marijuana grows" discovered in Hronek's houses and other events that occurred at these locations. We refer to the houses by their street names; the relevant locations include Marietta, Longfellow, Dalke and Whittier.
 
 II
 
 4
 Hronek first argues that the government constructively amended the indictment by producing evidence of multiple, distinct conspiracies rather than evidence of the single conspiracy alleged in the indictment and that the district court incorporated this amendment into the jury instructions. We review de novo a constructive amendment allegation. United States v. Aguilar, 756 F.2d 1418, 1421 (9th Cir.1985).
 
 
 5
 The Grand Jury Clause of the Fifth Amendment guarantees a defendant the right to be tried only on the grand jury's indictment. Stirone v. United States, 361 U.S. 212, 217 (1960). An indictment may not be broadened through actual or constructive amendment. We will find a constructive amendment "when the charging terms of an indictment are altered, either literally or in effect, by the prosecutor or the court ... so that it [is] impossible to know whether the grand jury would have indicted for the crime actually proved." United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir.1984). A constructive amendment is per se error and always requires reversal. United States v. Olson, 925 F.2d 1170, 1175 (9th Cir.1991).
 
 
 6
 Hronek claims that the government amended the indictment by introducing evidence which established Aaron Johnson as an unnamed coconspirator in the Count One conspiracy charge, when, in fact, the evidence relating to Johnson constituted evidence of a separate conspiracy not charged in the indictment. We have held that a constructive amendment exists when the evidence proves a "complex of facts distinctly different from those set forth in the charging instrument and not ... where there is a single set of facts." Von Stoll, 726 F.2d at 586 (quotation omitted) (omission in original).
 
 
 7
 Although the evidence relating to Hronek's and Johnson's activities at the Marietta and Whittier residences did concern illegal agreements separate from the conspiracy charged in Count One, the government presented substantial evidence relating to the charged conspiracy. Moreover, the district court instructed the jury that the evidence concerning the Marietta and Whittier locations could be used solely for Fed.R.Evid. 404(b) purposes. The totality of the government's evidence thus does not prove a "complex of facts distinctly different" from the facts alleged in the indictment.
 
 
 8
 Further, the district court correctly concluded, and instructed the jury accordingly, that evidence of Johnson's activities at the Longfellow residence was relevant as proof of the Count One conspiracy. The district court's jury instructions did not alter the crime charged. See Olson, 925 F.2d at 1174-75 (a constructive amendment occurs where jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the indictment.)
 
 
 9
 Neither the government nor the district court constructively amended the indictment.
 
 III
 
 10
 Hronek next contends that the government's evidence varied prejudicially from the single conspiracy charged in count one of the indictment. We review variance for harmless error. Olson, 925 F.2d at 1175.
 
 
 11
 Variance occurs when the evidence adduced at trial proves facts materially different from those alleged in the indictment. United States v. Olano, 62 F.3d 1180, 1194 (9th Cir.1995), cert. denied, 117 S.Ct. 303 (1996). Hronek argues that the prosecution's proof at trial may prove an unrelated conspiracy between Johnson and Hronek but does not prove a conspiracy to manufacture between the named coconspirators: Hronek, Donald E. Allison, Sr. and Donald E. Allison, Jr. Hronek characterizes his challenge as concerning whether the government established multiple, distinct conspiracies as opposed to the single conspiracy charged in the indictment.
 
 
 12
 Whether a single conspiracy has been established is essentially a question of the sufficiency of the evidence. United States v. Kenny, 645 F.2d 1323, 1335 (9th Cir.1981); see Olano, 62 F.3d at 1194. We inquire whether, after viewing the evidence in the light most favorable to the prosecution, any rational jury could have found the existence of a single conspiracy beyond a reasonable doubt. United States v. Shabini, 48 F.3d 401, 403 (9th Cir.1995). Our review of the record indicates that sufficient evidence did exist to find the defendant guilty of a conspiracy to manufacture more than 100 marijuana plants; evidence of Hronek's and Allison, Sr.'s activities at Longfellow alone suffices.
 
 
 13
 Hronek also asserts that the government failed to prove a connection between all of the coconspirators. The government, however, does not need to establish such a connection. Evidence of an independent conspiracy, between Hronek and Allison, Sr., Hronek and Allison, Jr., or Hronek and Johnson (before Johnson became a government informant) is sufficient to convict Hronek under Count One.
 
 
 14
 Although the government may have established the existence of a conspiracy not contemplated by the indictment, e.g., a conspiracy between Johnson and Hronek to grow marijuana at Marietta, this does not constitute a prejudicial variance. The evidence need not exclude every hypothesis but that of a single conspiracy; the evidence must only support a finding of a single conspiracy. Kenny, 645 F.2d at 1335. Moreover, the district court's instruction that the jury could convict only if it found that the defendant was a member of the conspiracy charged, regardless of whether the defendant was part of some other conspiracy, cured any error caused by a variance in proof. See Olano, 62 F.3d at 1194 n. 6 (citing United States v. Miller, 771 F.2d 1219, 1240 (9th Cir.1985).
 
 IV
 
 15
 Hronek also maintains that the government produced insufficient evidence, on each count, to sustain his conviction. We review de novo challenges to the sufficiency of the evidence. See United States v. Bahena-Cardenas, 70 F.3d 1071, 1072 (9th Cir.1995). As we concluded in section II, the government proffered sufficient evidence to convict Hronek of the Count One conspiracy charge.
 
 
 16
 Count Two of the indictment charges Hronek with manufacturing approximately 204 marijuana plants at the Dalke residence. Our review of the record reveals that the government offered sufficient evidence from which a reasonable jury could infer that Hronek was knowingly engaged in the manufacture of marijuana at the Dalke location.
 
 
 17
 Count Three of the indictment charges the defendant with manufacturing approximately 132 marijuana plants at the Longfellow house. The evidence relating to Hronek's and Allison, Sr.'s activities at the Longfellow residence is sufficient to support the Count Three conviction.
 
 V
 
 18
 Hronek further argues that he received ineffective assistance of counsel at trial. A challenge to conviction based upon ineffective assistance of counsel is not ordinarily made through direct appeal, but rather through collateral attack. United States v. Cochrane, 985 F.2d 1027, 1029 (9th Cir.1993). Challenge by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted. United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988).
 
 
 19
 We will review a claim of ineffective assistance of counsel on direct appeal when, at the district court, the defendant raised objections to trial counsel through a motion for new trial. Cochrane, 985 F.2d at 1029. Hronek made no such motion nor raised any question about defense counsel's ineffectiveness in the district court.
 
 
 20
 Hronek contends, however, that because defense counsel's assistance was patently inadequate, we do not require a fuller record in order to review the issue. See United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989), amended by 902 F.2d 18 (9th Cir.1990) (claim may be raised on direct appeal when assistance is so inadequate that it obviously interferes with a defendant's Sixth Amendment right to counsel).
 
 
 21
 As evidence of ineffectiveness, Hronek points to defense counsel's decisions to defend the case on an insufficient evidence theory and to have Hronek testify. It is not obvious from a review of the record on appeal that these strategic decisions rose to the level of ineffective assistance (particularly because Hronek appeals on the basis of insufficient evidence). The prejudice arising from defense counsel's alleged failure to make certain objections also cannot be determined from the record. We do not reach the merits of Hronek's ineffective assistance of counsel claim.
 
 VI
 
 22
 Additionally, Hronek alleges several instances of prosecutorial misconduct. A review of the record reveals that none of the government's challenged behavior resulted in prejudice to the defendant. See United States v. McKoy, 771 F.2d 1207, 1213 (1985) (applying harmless error test to allegations of prosecutorial misconduct).
 
 VII
 
 23
 Last, Hronek asserts that the district court erred in denying his motion for a new trial based on juror misconduct. We review for abuse of discretion the denial of a defendant's motion for a new trial. United States v. George, 56 F.3d 1078, 1083 (9th Cir.), cert. denied, 116 S.Ct. 351 (1995). Although we review claims of juror misconduct independently, we will accord substantial weight to the district court's findings as to the effect of the alleged misconduct. Id.
 
 
 24
 After extensive interviews with two jurors, including the juror who read and brought into the jury room a relevant newspaper article, the district court concluded that the jury had not been influenced by the extraneous information. Based on the substantial weight accorded to this finding, we affirm the district court's denial of the motion for new trial because there was no reasonable possibility of prejudice to the defendant.
 
 AFFIRMED
 
 
 **
 The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3