141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Alberto Jose DEL-MURO, aka Raul Torres-Garcia, Defendant-Appellant.
 No. 97-50356.
D.C. No. CR-94-00296-1-RMB.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 Appeal from the United States District Court for the Southern District of California Rudi M. Brewster, District Judge, Presiding.
 Before FLETCHER, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alberto Jose Del-Muro appeals from the district court's denial of his motion for a new trial. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's denial of a motion for a new trial for an abuse of discretion. See United States v. Cochrane, 985 F.2d 1027, 1029 (9th Cir.1985). We review de novo the district court's determination of whether a defendant received ineffective assistance of counsel. See id. We affirm.
 
 
 3
 Del-Muro contends that the district court abused its discretion by denying his motion for a new trial because his trial counsel was ineffective for failing to investigate twenty-five potential witnesses whose names were provided by Del-Muro. This contention lacks merit.
 
 
 4
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. See Strickland v.. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Following an evidentiary hearing at which Del-Muro and his trial counsel testified, the district court found, based on the credibility of the witnesses, that Del-Muro did not provide the names of twenty-five witnesses to his trial counsel. We defer to this finding. See Spain v. Rushen, 883 F.2d 712, 717 (9th Cir.1989) (stating that a district court's determination regarding the credibility of a witness is accorded special deference). If Del-Muro's counsel was not aware of the witnesses, his failure to investigate or subpoena such witnesses does not constitute deficient performance. See Strickland, 466 U .S. at 691. Accordingly, the district court did not abuse its discretion by denying Del-Muro's motion for a new trial. See Cochrane, 985 F.2d at 1029.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3