**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10511 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00093-JSW-5 |
| v. | |
| MICHAEL MARTIN, AKA Diesel, AKA Freddy, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted April 9, 2018
San Francisco, California

Before: WARDLAW and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

Michael Martin appeals his jury conviction and sentence for four counts of robbery and one count of conspiracy to commit robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

1. The district court did not commit plain error by admitting the plea agreements of two cooperating witnesses. Martin's counsel repeatedly attacked both witnesses' credibility during opening statements and cross examination. The plea agreements were therefore admissible to rebut those attacks. *See United States v. Kats*, 871 F.2d 105, 107 (9th Cir. 1989) (holding that the district court did not abuse its discretion by admitting a plea agreement after defense counsel attacked the witness' credibility and questioned the witness about the agreement's terms).

The prosecution was not obligated to redact the agreements. The agreements did not contain any information about Martin or relevant evidence that was not presented at trial. Furthermore, the district court properly instructed the jury to consider the plea agreements only to help determine the witnesses' believability and instructed the jury to examine their testimony with greater caution. *See United States v. Shaw*, 829 F.2d 714, 717-18 (9th Cir. 1987) (holding that any prosecutorial vouching for a cooperating witness was not a basis for reversal because the trial court instructed the jury to consider the witness' testimony with caution). In addition, the government's questions about why one cooperating witness ultimately decided to tell the government the truth did not constitute improper vouching because the questions "did not refer to extra-record facts" or

indicate that the government "could verify that [the witness] was telling the truth." *United States v. Dorsey*, 677 F.3d 944, 954 (9th Cir. 2012).

2.     The government did not commit prosecutorial misconduct by asking Martin whether he "agreed with" various pieces of information that were not in dispute at trial.  The questions, which did not concern Martin's role in any of the robberies, were not comparable to asking Martin whether another witness was "inventing stories" or lying in his testimony.  *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1193 (9th Cir. 2015); *United States v. Greer*, 640 F.3d 1011, 1023 (9th Cir. 2011).

3.     Moreover, any error in admitting the plea agreements or allowing this line of questioning or alleged prosecutorial misconduct did not effect Martin's substantial rights.  The government produced significant evidence against Martin at trial.  In addition to the testimony of the cooperating witnesses describing Martin's involvement in the conspiracy, the government produced evidence that Martin rented the cars used in the robberies, his cell phone records showed that he was in the vicinity of the robberies, his fingerprints were on the license plate covers on the rental cars, and he discussed his involvement in the conspiracy with other coconspirators.  Admission of the plea agreements and the questioning of Martin and the cooperating witness did not, therefore, affect the outcome of the trial.

4. The district court did not commit plain error by admitting a list of robberies prepared by a cooperating witness. Although the prosecution did not establish an adequate foundation for admission of the list under Fed. R. Evid. 803(5), the record reflects that the list met the requirements of a past recollection recorded. Furthermore, any error in admitting the list did not affect the outcome of the trial. The cooperating witness testified extensively about the robberies listed, and would have done so even without admission of the list as an exhibit.

5. The three recorded calls between a cooperating witness and other members of the conspiracy were properly admitted as coconspirator statements under Fed. R. Evid. 801(2)(E). The district court did not err in concluding that these calls included statements made during and in furtherance of the conspiracy. A conspiracy does not necessarily come to an end simply because two of its participants have been arrested. *See United States v. Mason*, 658 F.2d 1263, 1269 (9th Cir. 1981) ("Conspiracies do not necessarily end when all but one of the co-conspirators are arrested."); *see also United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir. 1988) (holding that recorded statements between one member of a conspiracy and a government cooperator were admissible against another member of the conspiracy once the conspiracy had been established). The conversations at issue plainly "further[ed] the common objectives of the conspiracy," *United States*

4

*v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988), as the participants discussed strategies for future robberies and further development of the criminal group on each of the calls.

Nor did the district court err in denying Martin's Fed. R. Evid. 402 and 403 objections. The calls were probative of Martin's knowledge and intent, and did not contain material that would "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In any event, any error in admitting the calls was harmless, as Martin does not challenge the admission of other significantly more incriminating phone calls in which he contacted a potential robbery victim.

6.      We do not generally review ineffective assistance claims on direct appeal. *See United States v. Cochrane*, 985 F.2d 1027, 1029 (9th Cir. 1993). We consider Martin's claim in this case, however, because the record is sufficiently complete. Martin has not shown that his counsel was deficient or that he was prejudiced by any alleged deficiencies. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Martin's counsel's failure to object to the admission of the plea agreements and lines of questioning was not deficient, as "[c]ounsel's failure to make a futile motion does not constitute ineffective assistance of counsel." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994). In addition, his counsel referred to the

5

cooperating witness' robbery list in order to impeach the witness' credibility. His failure to object to the admission of this list is thus best construed as a "tactical decision[]" for which counsel has "wide latitude." *Strickland*, 466 U.S. at 689. In light of the overwhelming evidence presented against Martin, Martin was not prejudiced by any deficiencies on these grounds. Martin has not, therefore, established that he received ineffective assistance of counsel.

7. The district court did not err in applying an adjustment for obstruction of justice under U.S.S.G. § 3C1.1. The district court expressly found on the record that Martin gave false testimony on material matters with willful intent. *See United States v. Johnson*, 812 F.3d 757, 761 (9th Cir. 2016). Martin's testimony at trial was plainly contradicted by the testimony of the cooperating witnesses and independent evidence. *See United States v. Harrison*, 585 F.3d 1155, 1161 (9th Cir. 2009) (holding that the district court did not err in applying an obstruction enhancement "[i]n light of the patent discrepancy between [the defendant's] testimony, the physical evidence and the testimony of every other witness"); *see also United States v. Dunnigan*, 507 U.S. 87, 96 (1993) ("[A] defendant's right to testify does not include a right to commit perjury."). We therefore affirm the district court's imposition of the sentencing enhancement for obstruction.

8.     The district court did not err by adding grouping points for two uncharged robberies under U.S.S.G. §§ 3D1.1 and 3D1.4. The jury verdict did not specify which offenses were the objects of the conspiracy. Therefore, the district court correctly added grouping points for the offenses of which it would have convicted Martin were it sitting as the trier of fact. *See* U.S.S.G. § 1B1.2 App.N.4 (noting that U.S.S.G. § 1B1.2(d) "should only be applied with respect to an object offense alleged in the conspiracy count if the court, were it sitting as a trier of fact, would convict the defendant of conspiring to commit that object offense"). Both cooperating witnesses testified about Martin's role in the uncharged robberies. Therefore, the district court did not err in adding grouping points for the two robberies.

**AFFIRMED**.