**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ROBERT RYAN POWELL, Defendant-Appellant. | Nos. 16-30253 17-30012 D.C. No. 2:15-cr-00244-RAJ-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted June 4, 2018
Seattle, Washington

Before: BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,[**] District Judge.

Defendant Robert Ryan Powell appeals his convictions on two counts of

transporting a juvenile with intent to engage in prostitution under 18 U.S.C.

§ 2423(a) and one count of sex trafficking by force, fraud, or coercion under 18

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

U.S.C. § 1591(a)(1). We affirm.

1. Powell waived his challenge to the jury instructions by affirmatively stating that he had no objection to the court's failure to give any of his requested jury instructions. His contention that the jury instructions constructively amended the superseding indictment is thus not reviewable. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) ("Forfeited rights are reviewable for plain error, while waived rights are not.").

And even if we found this issue merely forfeited rather than waived, no plain error was shown. "For a constructive amendment to inhere, jury instructions must 'diverge materially' from the indictment and evidence must have been 'introduced at trial that would enable the jury to convict the defendant for conduct with which he was not charged.'" *United States v. Alvarez-Ulloa*, 784 F.3d 558, 570 (9th Cir. 2015) (quoting *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014)). Neither of these circumstances is present here.

2. The superseding indictment was not duplicitous, nor did it deprive Powell of adequate notice of the sex trafficking charge or his right of jury unanimity. "In reviewing an indictment for duplicity, our task is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count." *United States v. Yarbrough*, 852 F.2d

16-30253

1522, 1530 (9th Cir. 1988) (internal quotation marks and citation omitted). Count Three of the superseding indictment easily passes this assessment, and thus Powell's duplicity argument fails.

The superseding indictment also provided Powell with sufficient notice of the charge against him in Count Three. An indictment's sufficiency is measured by whether it "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763 (1962) (internal quotation marks and citation omitted). "An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts." *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993) (per curiam). Count Three of the superseding indictment satisfies these standards.

Powell was not deprived of his right to a unanimous jury verdict. Although Powell asserts that there were three "distinct" time periods involved and the jurors may not have come to an agreement on which of the three time periods was the one in which Powell trafficked the victim, Count Three charged, and the Government presented evidence at trial establishing, ongoing trafficking of the victim by Powell during the timeframe alleged in the superseding indictment—"beginning in or about January 2014, and continuing until on or about January 13, 2015," the date

16-30253

of Powell's arrest. Moreover, Powell did not request a specific unanimity jury instruction beyond the general instruction given by the district court.

3. The district court did not abuse its discretion in excluding evidence that Powell sought to introduce of the adult victim's sexual conduct before and after Powell trafficked her. And even if the district court erred in excluding this evidence, reversal would not be warranted because any erroneous exclusion was harmless. *See United States v. Yazzie*, 59 F.3d 807, 815 (9th Cir. 1995).

4. The district court did not abuse its discretion in admitting, under Federal Rules of Evidence 403 and 404(b), evidence of the facts underlying Powell's 2007 Nevada conviction for transporting a prostitute. *See United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002). That evidence was similar to the charged conduct, tended to show Powell's intent and motive, and was not too remote in time. *See United States v. Rendon-Duarte*, 490 F.3d 1142, 1144 (9th Cir. 2007). And although the district court's admission of evidence regarding Powell's 2008 California assault conviction is troubling due to its violent nature and the danger of unfair prejudice, even if admission of that evidence was an abuse of discretion reversal would be warranted "only if the error was not harmless." *Romero*, 282 F.3d at 688. Here, any error was harmless because "it is more probable than not that the error did not materially affect the verdict." *United States v. Liera*, 585 F.3d 1237, 1244 (9th Cir. 2009) (internal quotation marks omitted).

5.  The district court did not plainly err in allowing witness N.C. to testify. After the Government raised a concern about the witness's competency due to marijuana use, the district court insisted on voir dire of the witness before she testified before the jury.  After that voir dire, neither side objected to her competency.  The witness then provided coherent testimony both that afternoon and the next morning.  Powell failed to preserve this issue, and he fails to establish any error, let alone a plain error.

**AFFIRMED.**

16-30253