NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Appellee,<br><br>v.<br><br>KENNETH WESCOTT,<br><br>Defendant/Appellant. | No. 17-10157<br><br>D.C. No. 2:14-cr-00085-APG-CWH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 14, 2019**
San Francisco, California

Before: WALLACE and IKUTA, Circuit Judges, and MOLLOY,*** District Judge.

Kenneth Wescott was convicted by a jury of one count of coercion and

enticement in violation of 18 U.S.C. § 2422(b). Wescott appeals from his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

judgment of conviction, arguing that the district court erred by (1) denying his motion to dismiss the superseding indictment, (2) excluding the testimony of his proffered expert who testified that he was not sexually attracted to children, and (3) imposing a lifetime term of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the adequacy of an indictment *de novo*. *United States v. Renteria*, 557 F.3d 1003, 1006 (9th Cir. 2009). We review the district court's evidentiary ruling and the imposition of supervised release for abuse of discretion. *United States v. Gonzales*, 307 F.3d 906, 909 (9th Cir. 2002); *United States v. Apodaca*, 641 F.3d 1077, 1079 (9th Cir. 2011). We affirm.

1. Wescott challenges the sufficiency of the superseding indictment. A proper indictment is a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). It does not need to "specify the theories or evidence upon which the government will rely to prove those facts," but must provide sufficient facts to notify the defendant of the crime of which he has been accused. *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993) (citing *United States v. Jenkins*, 884 F.2d 433, 438-39 (9th Cir.

2

1989)).  The insertion of the Nevada statutes in the superseding indictment remedied the previously deficient indictment by alleging the sexual activity for which any person could have been charged under federal, state, or local law.  *See United States v. Shill*, 740 F.3d 1347, 1350 (9th Cir. 2014) (containing nearly identical references to Oregon sexual conduct statutes); *see also United States v. Tello*, 600 F.3d 1161, 1165 (9th Cir. 2010) (also addressing sufficiency of § 2422(b) indictment).

2.  Wescott argues the district court abused its discretion when it excluded expert testimony that "Wescott does not have a sexual attraction to children," which he offered to rebut intent under the § 2422(b).  The government argues that Wescott waived his challenge by not preserving it at trial and that the exclusion was proper.  Regardless of whether Wescott preserved his challenge to the district court's pretrial ruling, the testimony was properly excluded because the relevant intent under § 2422(b) is "the intended effect of the communication rather than the defendant's intent to commit the underlying sexual activity" and at the time of the ruling, the government had not argued that Wescott had an intent to engage in sexual conduct with the minor.  *United States v. Hofus*, 598 F.3d 1171, 1178 (9th Cir. 2010); *see also United States v. Goetzke*, 494 F.3d 1231, 1236 (9th Cir. 2007).  And, even if Wescott presented a fantasy defense—which he did not—Federal Rule of Evidence 704(b) bars the testimony at issue.  *Hofus*, 598 F.3d at 1180

3

(explaining that such evidence is "simply another way of saying [the defendant] did not really intend to entice or persuade the young girls, which is precisely the question for the jury").

3. Finally, Wescott argues that the district court failed to explain the specific reasons behind the imposition of a lifetime term of supervised release and that such a sentence is substantively unreasonable. In reviewing a sentence, we "first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Substantive reasonableness is based on the totality of the circumstances. *Id.* at 993.

The district court began the sentencing hearing by notifying Wescott of the sentences authorized under § 2422(b), including the possibility of a lifetime of supervised release. The court considered the § 3553(a) factors and stated, "the supervised release conditions recommended by [probation] seem to be appropriately tailored to deter you from doing it again." The district court explained that it had considered the Guidelines, the record, the presentence report, and read Wescott's proposed expert report. The court also gave both sides the opportunity for further argument at the sentencing hearing, which Wescott declined. These considerations demonstrate that the trial court adequately justified its sentencing decision. "[N]o lengthy explanation is necessary if the record makes

4

it clear that the sentencing judge considered the evidence and arguments."

*Apodaca*, 641 F.3d at 1081 (quoting *United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008)).

**AFFIRMED.**